UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

SEAN ALIM EL                                                                 PETITIONER

v.                                              CIVIL ACTION NO. 5:23-cv-63-CRS

KEN S. BOOTH et al.                                            DEFENDANTS

**MEMORANDUM**

Petitioner Sean Alim El initiated this lawsuit without paying the $402 filing fee or filing the required paperwork to apply to proceed without prepayment of fees. The Clerk of Court notified Petitioner of this deficiency and explained that he had 30 days to remedy it (DN 4).

Petitioner then filed an application containing only zeros in the form's spaces for income and expenses and offered no valid explanation for doing so. The Court ordered Petitioner to file a fully completed application to proceed without prepayment of fees and affidavit within 30 days and warned Petitioner that failure to fully comply may result in dismissal of this lawsuit (DN 18). Rather than comply with the Order, Petitioner instead filed an objection replete with the hallmarks of Sovereign Citizen theory.

The Court denied Petitioner's application to proceed without prepayment of fees, ordered him to pay the $402 filing fee within 30 days, and warned him that his failure to do so would result in dismissal of this lawsuit (DN 21). Despite the Court's clear Order, Petitioner has not complied, choosing instead to file another document proffering nonsensical arguments as to why he, a "natural" person, should be exempt from paying fees (DN 22).

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of a case if a plaintiff fails to prosecute it or comply with an order of the court. *See Jourdan v.*

*Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same reasoning does not support leniency from court deadlines and other rules readily understood by laypersons, particularly if the litigant entirely fails to pursue a case. *Id.* at 110. "[T]he lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have inherent authority, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Accordingly, by separate Order, the Court dismisses this lawsuit under Fed. R. Civ. P. 41(b) for failure to comply with a prior order of the Court and for failure to prosecute.

Date: December 11, 2023

Charles R. Simpson III, Senior Judge
United States District Court

cc: Petitioner, *pro se*
    Defendants
4414.009